# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| ELIZABETH MOLLOY, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:11-CV-00077-SNLJ |
| DELTA HOME CARE, INC. d/b/a DELTA NEW HOPE IN-HOME SERVICES | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to remand (#5). Defendant Delta Home Care, Inc. d/b/a Delta New Hope In-Home Services, a Missouri corporation with its principal place of business in Missouri, filed a response (#8), and plaintiff filed a reply (#11).

This cause of action was originally filed on April 1, 2011, in the Circuit Court of Stoddard County, Missouri, and was subsequently removed by defendant to this court on May 4, 2011 pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. Defendant asserts in the notice of removal that because one of the three counts in plaintiff's complaint involves a question of federal law, the entire cause of action was properly removed to the United States District Court for the Eastern District of Missouri, Southeastern Division. In her motion for remand, plaintiff responds that state common law, not federal law, governs the claim.

According to plaintiff's petition, plaintiff was the Director of Nursing for defendant's Puxico, Missouri location from 2006 until 2010. In late 2009, plaintiff was diagnosed with cancer. Plaintiff states that despite her diagnosis, she was capable of performing her job with

1

reasonable accommodation. However, plaintiff maintains that she was discriminated against because of her cancer, in that defendant refused to reasonably accommodate her disability, reduced her pay, refused to allow her to seek medical attention for conditions associated with her cancer, and ultimately terminated her employment. In her petition, plaintiff alleges three counts: (1) disability discrimination under the Missouri Human Rights Act ("MHRA"), § 213.010, RSMo, *et seq.*, (2) wrongful termination under Missouri common law based on plaintiff's alleged assertion of rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, and (3) failure to pay wages due under the Missouri Wage Payment Act, § 290.527, RSMo. It is plaintiff's second count that the Court must examine to determine whether it has subject-matter jurisdiction, the absence of which will necessitate remand to state court.

## I. Legal Standard

A state court action may be properly removed to federal court only if the case falls within the original jurisdiction of the federal courts. 28 U.S.C. § 1441(a). The federal district courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Jurisdiction "founded on a claim or right arising under the Constitution, treaties, or laws of the United States" is known as federal question jurisdiction. 28 U.S.C. § 1441(b). The absence of a finding of federal jurisdiction requires the removed case to be remanded back to state court. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 96 (1998). All doubts about federal jurisdiction should be resolved favoring remand to state court. *Wilkinson v. Shackelford*, 478 F.3d 957, 936 (8th Cir. 2007).

Removal based on federal question jurisdiction is proper only if the claim asserting a federal question appears on the face of the plaintiff's properly pleaded complaint. *Kutilek v.*

*Union Pac. R.R. Co.*, 454 F. Supp. 2d 876, 879 (E.D. Mo. 2006); *Hodge v. Burlington N. & Santa Fe Ry. Co.*, 461 F. Supp. 2d 1044, 1049 (E.D. Mo. 2006). "The judicially created well-pleaded complaint rule states that the basis of federal jurisdiction must appear on the face of the plaintiff's complaint." *Reding v. Fed. Deposit Ins. Corp.*, 942 F.2d 1254 (8th Cir. 1991) (citations omitted); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal question jurisdiction can also be obtained if the right to relief depends on the resolution of a substantial question of federal law. *Hammond v. City of Ladue*, No. 4:10-CV-1977, 2010 WL 5392831, at *1 (E.D. Mo. Dec. 21, 2010); *see also Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998). However, the plaintiff is the master of the complaint and can avoid federal jurisdiction by exclusive reliance on state law. *Caterpillar*, 482 U.S. at 392.

A plaintiff's characterization of a claim as based solely upon state law is not dispositive of the issue as to whether federal jurisdiction exists. *Peters v. Union Pacific R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996). A plaintiff cannot thwart the removal of a case by mistakenly or fraudulently concealing a federal question with "artful pleading" of the federal cause of action in state law terms. *Kutilek*, 454 F. Supp. 2d at 880; *Hodge*, 461 F. Supp. 2d at 1049; *see also Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998); *Gore v. T.W.A.*, 210 F.3d 944, 950 (8th Cir. 2000).

**II. Discussion**

Defendant does not allege that federal law completely preempts plaintiff's state law claim for wrongful termination; rather, that plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *See Williams*, 147 F.3d at 702. Plaintiff, on the other hand, notes that she has sought neither damages nor equitable relief under the FMLA. Instead, she alleges that defendant wrongfully terminated her in violation of Missouri law and

3

that her attempt to exercise her rights under the FMLA was merely a contributing factor in defendant's decision to terminate her employment.

Missouri's employment-at-will doctrine has historically allowed an employer to discharge an at-will employee, for cause or without cause, without liability for wrongful discharge. *Hughes v. Bodine Aluminum, Inc.*, 328 S.W.3d 353, 356 (Mo. Ct. App. 2011). However, Missouri courts have recognized certain exceptions to the employment-at-will doctrine, including the public-policy exception, which establishes a cause of action for an at-will employee who has been discharged by an employer in violation of a clear mandate of public policy. *Id*. The four types of public-policy exceptions are: (1) refusing to perform an act contrary to a strong mandate of public policy or an illegal act; (2) reporting wrongdoing or violations of law or public policy by the employer or fellow employees to superiors or third parties; (3) acting in a manner public policy would encourage; or (4) filing a workers' compensation claim. *Id.*

Plaintiff states that her count of wrongful termination qualifies as a cause of action under Missouri common law via the third public-policy exception to the at-will employment doctrine. According to plaintiff, public policy encourages the practice of making an attempt to engage in the protected activity of exercising one's rights under the FMLA. Plaintiff argues that the question to be decided here is of state law: namely, whether an attempt to exercise one's rights under the FMLA is a practice which is encouraged by public policy in the state of Missouri.

However, neither party addresses the cases holding that a claim for wrongful discharge in violation of public policy in Missouri "must be based on a policy which has no remedy in any statute." *Lucht v. Emcompass Corp.*, 491 F. Supp. 2d 856, 867 (S.D. Iowa 2007) (applying Missouri law) (citing *Osborn v. Prof'l Serv. Indus., Inc.*, 872 F. Supp. 679, 680 (W.D. Mo.

4

1994)). Here, the FMLA provides a statutory remedy for any employee whose employer interferes with, restrains, or denies the exercise of or the *attempt* to exercise any right provided under the FMLA. *See Tenge v. Washington Group Int'l, Inc.*, No. 4:11-CV-0088, 2011 WL 1630823, at *3 (E.D. Mo. Apr. 29, 2011) (citing *O'Neill v. Major Brands, Inc.*, No. 4:06-CV-0141, 2006 WL 1134476, at *1 (E.D. Mo. Apr. 26, 2006)); *Johnson v. Dollar Gen.*, No. C10-3039-MWB, 2011 WL 692042, at *13 (N.D. Iowa Feb. 15, 2011). Because the FMLA provides the exclusive remedy for employment discharge claims based on violations of the FMLA, plaintiff cannot succeed on a public-policy wrongful termination claim here. *See Tenge*, 2011 WL 1630823 at *3; *O'Neill*, 2006 WL 1134476 at *1. The Court will dismiss, *sua sponte*, plaintiff's wrongful termination claim and remand plaintiff's remaining two claims to state court. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (when a court grants a motion to dismiss for failure to state a federal claim, the court retains discretion to exercise supplemental jurisdiction over pendant state-law claims).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's wrongful termination claim under Missouri law based on plaintiff's attempt to assert rights under the FMLA is **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Remand (#5) is **GRANTED**.

**IT IS FINALLY ORDERED** that the Clerk is instructed to remand this case to the Circuit Court, Stoddard County, Missouri, Case No. 11SD-CC00047.

Dated this 5th day of July, 2011.

_____
UNITED STATES DISTRICT JUDGE